**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **STEPHEN MICHAEL DENNIS,** ) | |
| **#442952,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CASE NO. 11-cv-319-JPG** |
| **vs.** ) | |
| ) | |
| **DESMOND WILLIAMS, SCOTT TOTH,** ) | |
| **and JOHN DOE OFFICERS,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Stephen Michael Dennis, a pretrial detainee in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this case.

**<u>The Complaint</u>**

Plaintiff's chief complaint is that on March 12, 2009, he was interrogated by the Defendants while in their custody in the St. Clair County jail, in violation of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments (Doc. 1, pp. 5-6).  Defendants Williams and Toth are Investigators for the St. Clair County Sheriff's Department; the John Doe Defendants are other Sheriff's Officers.  Plaintiff asserts that during this interrogation, his request for legal counsel was denied, and that Defendants refused to stop questioning him after he asked them to cease the interrogation.  He claims the Defendants' persistent questioning, denial of counsel, and refusal to allow him to contact his parents or anyone else undermined his ability to

exercise his right to remain silent and his right to counsel.  In addition, he states he was denied medical attention and denied his prescription medication.

Plaintiff indicates that the interrogation was connected with the criminal charges filed against him in St. Clair County Case No. 09-CF-276.  That criminal prosecution is still pending. Plaintiff asks this Court to place a "hold" on these ongoing state criminal proceedings, to begin an investigation of Defendants' unconstitutional actions, and to hold the Defendants "accountable" for the violation of his rights (Doc. 1, p. 6).

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

## Count 1 - *Miranda* Violations

The constitutional rights asserted here by Plaintiff, to avoid self-incrimination and to be represented by legal counsel during a police interrogation, are commonly referred to as *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966); U.S. Const. amends. V, VI, XIV.  If a confession is obtained through actions that violate these rights, such actions may provide grounds for the confession to be suppressed, preventing its use in the prosecution of the criminal defendant.  Plaintiff does not mention whether the interrogation resulted in him giving a confession, or whether he is seeking to suppress any confession in the state trial court.  However, the admissibility of a confession would, at this stage of the prosecution, be a question for the state trial judge to determine at his or her sound discretion.

Under some circumstances, a constitutional violation in the context of a police interrogation may be the basis of a § 1983 action.  See *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989); *Hensley v. Carey*, 818 F.2d 646, 650 n.4 (7th Cir. 1987) (the use of physical force to extract an involuntary confession is actionable under § 1983).  However, "a mere technical failure to follow court established rules of criminal procedure" does not rise to the level of a constitutional claim that is cognizable under § 1983.  *Hensley*, 818 F.2d at 650 n.4 (citing *Duncan v. Nelson,* 466 F.2d 939, 944 (7th Cir. 1972)).  In the present case, Plaintiff does not allege that any physical force or coercion was used on him during the interrogation.  Instead, he claims that the Defendants' persistent questioning and denial of his request for counsel violated his constitutional rights.  Even if these circumstances might support an actionable civil rights claim, it is premature for this Court to consider the matter.

At the time Plaintiff filed his complaint, he stated that his prosecution in St. Clair County Case No. 09-CF-276 was ongoing, and he requested this Court to place that proceeding on "hold."  According to the docket information posted on the public website of the St. Clair County Circuit Clerk, Plaintiff's criminal case has not yet gone to trial and is still pending.[1]  As long as Plaintiff's criminal case remains pending in state court, it is improper for this Court to intervene in that matter.  Thus, Plaintiff's requests for an injunction to put his state prosecution on "hold," and for a declaration that the Defendants' actions violated his constitutional rights, cannot be granted.

---

[1] *See* Case Number Search feature, Court Record Search (Criminal), website of the St. Clair County Circuit Clerk, http://www.circuitclerk.co.st-clair.il.us/icjSearch.htm (last visited March 7, 2012). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings.  *See Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).  In fact, federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate."  *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty.*, 457 U.S. at 432, 436-37 and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).  Plaintiff's criminal prosecution is clearly a judicial proceeding in which the state has an important interest, and Plaintiff will have the opportunity in that case to challenge the constitutionality of any confession that may have been extracted from him during the interrogation he describes.  Furthermore, he does not identify any extraordinary circumstances which would call for this Court's intervention.

Accordingly, Plaintiff fails to state a claim upon which relief may be granted, and this claim shall be dismissed.  The dismissal, however, shall be without prejudice to Plaintiff asserting the alleged constitutional violations in his criminal proceeding, or in a federal petition for writ of habeas corpus in the event he is convicted.  Plaintiff is advised, however, that a federal habeas petition may only be brought after he has first exhausted all state court remedies.

**Count 2 - Denial of Medical Attention**

Plaintiff states that he was "denied medical attention and my prescription medicine" during his interrogation (Doc. 1, p. 5).  However, he provides no further facts about this denial.  For example, he does not describe the condition for which he might have required medical

attention or medication, nor does he state the length of time he went without care, or whether he requested the Defendants to provide him with treatment or medication.  Notably, Plaintiff states that his complaint "is not about this institution or my treatment while being detained" (Doc. 1, p. 4).  Therefore, it appears that Plaintiff mentions the denial of medication and medical attention primarily to support his argument that he was subjected to unconstitutional coercion during his interrogation, rather than as an attempt to articulate a claim that the lack of medical care constituted cruel and unusual punishment.

Although pretrial detainees are not covered by the Eighth Amendment, their claims for deliberate indifference to medical care are considered under the due process clause of the Fourteenth Amendment, and are entitled to the same sort of protection against deliberate indifference as convicted inmates, no less.  *See Williams v. Romana,* 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011).  To state a claim for deliberate indifference to medical care, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it.  *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).  However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

Here, Plaintiff has provided no information to indicate that he suffered from an objectively serious medical condition.  Not having established that first element of a deliberate indifference claim, he cannot make out a claim that any Defendant intentionally disregarded a known risk of serious harm to him.  Thus, Plaintiff fails to state a claim upon which relief may be granted for the alleged denial of medical care or medication, and this claim shall be dismissed.

Finally, Plaintiff is advised that § 1983 civil rights claims arising in Illinois are governed by a two-year statute of limitations.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (state personal injury law determines the statute of limitations for § 1983 claims); *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); 735 ILL. COMP. STAT. 5/13-202.

In this case, the incident in question happened on March 12, 2009; thus his § 1983 action should have been filed within two years, or by March 12, 2011.  However, Plaintiff did not file this action until April 18, 2011, almost one month too late.  Because Plaintiff's complaint was not filed within the statute of limitations period, his claim for denial of medical attention must be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED.**  The dismissal of Count 1 is without prejudice.  The dismissal of Count 2 is with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See*

*Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr*. 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   March 20, 2012**

<u>   *s/J. Phil Gilbert*                   </u>
**United States District Judge**